CLIFTON DISTRICT COURT.

B. C. S. CORPORATION, A CORPORATION, PLAINTIFF, v. LOTTIE FRICK AND THEODORE FRICK, T/A ERIE AUTO BODY CO., DEFENDANTS.

Decided February 18, 1941.

For the plaintiff, *Charles Blume.*

For the defendants-claimants, *Nussman & Kaplan.*

COLLESTER, D. C. J. This is an action brought pursuant to the statute (*R. S.* 2:60-20) known as the Garage Keepers' Lien act. The pertinent facts are as follows:

On January 10th, 1940, one Jack Yellen, purchased a Pontiac automobile from the City Motor Sales, Inc., under a conditional sales contract wherein title to said motor vehicle was reserved in the seller until the purchase price was fully paid. Said contract was thereupon assigned by the conditional vendor to B. C. S. Corporation, a finance company.

On May 5th, 1940, Yellen defaulted under the terms of the contract. Thereafter, on July 10th, 1940, while still in the possession of Yellen, the automobile was badly damaged as the result of an accident. Yellen placed said vehicle in the custody of Lottie Frick and Theodore Frick, trading as Erie Auto Body Co., garage keepers, and pursuant to his instructions, repairs were made for which said garage keepers charged the sum of $164.

On July 17th, 1940, the conditional vendor's assignee demanded possession of said vehicle by reason of Yellen's default under the contract, which was refused and accordingly a writ of replevin was issued. Pursuant to the provisions of the statute, the plaintiff finance company received possession of the automobile upon deposit of the sum of $174 with the court to await determination of the issues raised.

The statute (*R. S.* 2:60-21) which grants to a garage keeper a lien for repairs to a motor vehicle specifically provides:

"The lien shall not be superior to, nor affect a lien, title or interest of a person held by virtue of a prior conditional sale or a prior chattel mortgage properly recorded."

It appearing that the B. C. S. Corporation is now the assignee of the conditional vendor named in a conditional sales contract executed and properly recorded prior to the existence of the garage keepers' lien on said automobile, it is apparent that it is entitled to right to possession as set forth in the statute.

However, the garage keepers contend that they are entitled to their lien as a common law lienor alleging that as artisans they have a lien upon the vehicle for labor and materials furnished in the repair thereof. They aver that title 2:60-32-35 Revised Statutes of New Jersey provides for the enforcement of such a lien.

With this contention of the garage keepers, the court cannot agree. Motor vehicles and garage keepers were unknown at common law. The present Garage Keepers' Lien act is in some respects declaratory of the common law right of lien by an artisan. Mr. Justice Kalisch speaking for the Court of Errors and Appeals in the case of *Crucible Steel Co.* v. *Polack Tyre and Rubber Co.*, 92 *N. J. L.* 221 (at *p.* 227); 104 *Atl. Rep.* 324, with reference to the Garage Keepers' Lien act, said:

"It extends this right of lien to other conditions in business life than those that existed in common law. Thus, for example, it gives the garage keeper a lien for the storing and maintaining of motor vehicles, a present popular means of conveyance unknown to the common law, and which has in a

great measure supplanted the horse and wagon and revolutionized the mode of transportation; it gives a right of lien for furnishing gasoline, accessories or other supplies for motor vehicles, for which no right of lien could have properly existed at common law."

It is therefore the opinion of this court that judgment must be entered as follows:

Judgment for possession of said motor vehicle and damages for the wrongful detention thereof in the sum of thirty-five dollars ($35) in favor of the B. C. S. Corporation and against the defendants-claimants, Lottie Frick and Theodore Frick, trading as Erie Auto Body Co.