90 N.J. Super. 300 (1966)
217 A.2d 325
NATIONAL STATE BANK OF NEWARK, NEWARK, N.J., A BANKING ASSOCIATION OF THE UNITED STATES, PLAINTIFF-RESPONDENT,
v.
RICHARD (FIRST NAME BEING FICTITIOUS AND UNKNOWN) RAPP, INDIVIDUALLY AND TRADING AS R. RAPP WELDING & DIESEL SERVICE AND JOHN DOE BEING THE ONE IN POSSESSION, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued February 8, 1966.
Decided February 18, 1966.
*301 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. John E. Hughes argued the cause for appellant.
Mr. A. Albert Eichler argued the cause for respondent.
PER CURIAM.
We find that the crawler tractor in issue, also referred to as a bulldozer, upon which defendant Rapp made repairs, is a "motor vehicle" within the meaning of the Garage Keepers and Automobile Repairmen's Act, N.J.S. 2A:44-20 et seq., and that Rapp was a "garage keeper" within the statutory definition, N.J.S. 2A:44-20. He admittedly was in the business of welding and diesel service and had a fixed place used in his repair business, which included repairs to tractors such as that herein.
It follows then, as Judge Camarata correctly ruled in the Essex County Court, that defendant's garage keeper's lien was inferior to the lien of plaintiff bank on this tractor held by virtue of the prior conditional sale agreement properly recorded *302 and assigned to it, as specifically provided by N.J.S. 2A:44-21.
The garage keeper's lien act contains no definition of a "motor vehicle," but see N.J.S.A. 39:1-1, the Motor Vehicle and Traffic Act, N.J.S.A. 39:10-2, the Motor Vehicle Certificate of Ownership Law, N.J.S. 2A:127-1, a section of the criminal law, and N.J.S. 2A:171-1.2, the Sunday Law, in which the definition of a "motor vehicle" would embrace a motorized tractor and "all vehicles propelled otherwise than by muscular power, excepting such vehicles as run only upon rails or tracks." The "rails or tracks" in the exception evidently refer to the conventional type of rails and tracks upon which trains run, or upon which the now obsolete street cars formerly ran. Kolankiewiz v. Burke, 91 N.J.L. 567 (E. & A. 1918). See, too, Lambert v. Southern Counties Gas Company of Cal., 52 Cal.2d 347, 340 P.2d 608, 611 (Sup. Ct. 1959), holding that a self-propelled caterpillar tractor equipped with a bulldozer blade was a "motor vehicle" within the terms of the California Vehicle Code.
Finding that defendant was entitled to a statutory garage keeper's lien under a statute which expressly subordinated that lien to the lien created by a prior properly recorded conditional sale agreement, defendant's claim to a common law artisan's lien and priority by virtue thereof lacks validity. Uniform Commercial Code, N.J.S. 12A:9-310; B.C.S. Corp. v. Frick, 19 N.J. Misc. 129, 18 A.2d 560 (D. Ct. 1941).
Judgment affirmed.