NATIONAL STATE BANK OF NEWARK, NEWARK, N. J., A
BANKING ASSOCIATION OF THE UNITED STATES,
PLAINTIFF-RESPONDENT, v. RICHARD (FIRST NAME
BEING FICTITIOUS AND UNKNOWN) RAPP, INDIVID-
UALLY AND TRADING AS R. RAPP WELDING & DIESEL
SERVICE, INC., AND JOHN DOE BEING THE ONE IN
POSSESSION, DEFENDANT-APPELLANT.

Argued May 9, 1967—Decided July 5, 1967.

*Mr. John E. Hughes* argued the cause for defendant-appellant.

458

*Mr. Milton A. Buck* argued the cause for plaintiff-respondent (*Mr. A. Albert Eichler,* attorney; *Mr. Buck,* on the brief).

The opinion of the court was delivered by

SCHETTINO, J.   Early in 1962 Sonnert Developing Company (Sonnert) purchased a used bulldozer from Comad, Inc., pursuant to a conditional sales contract which was recorded in the Sussex County Clerk's office pursuant to the Uniform Conditional Sales Law, *L.* 1919, *c.* 210, § 6, *p.* 462, as amended by *L.* 1936, *c.* 186, § 1, *p.* 444 (repealed 1961, effective January 1, 1963). Comad assigned the contract to plaintiff, National State Bank of Newark.

Sonnert defaulted in its payments to plaintiff.   Plaintiff demanded possession of the vehicle, which was in the possession of defendant, R. Rapp Welding & Diesel Service, Inc. (Rapp), who had been called upon to repair it.   Rapp refused to give up possession of the vehicle because the repair bills had not been paid.

The Bank instituted this action by complaint and order to show cause and obtained a writ of replevin ordering the sheriff to deliver the bulldozer to the Bank.   The trial court decided that a bulldozer was a motor vehicle within the meaning of the garage keeper's lien law.   It held that as Rapp had a garage keeper's lien, rather than an artisan's lien, his rights were subordinate to those of plaintiff.

Defendant appealed to the Appellate Division, which affirmed.   90 *N. J. Super.* 300 (1966).   We granted certification, 47 *N. J.* 91 (1966).

We have this day decided the case of *Ferrante Equipment Co. v. Foley,* 49 *N. J.* 432 (1967), which differs from this case only in that the transaction here occurred prior to the adoption in New Jersey of the Uniform Commercial Code, *N. J. S.* 12A:1–101 *et seq.,* which became effective January 1, 1963.

The effect of the Code was in part to change the filing procedures involved.   Here, plaintiff filed its conditional sales

contract in the office of the County Clerk, pursuant to the filing provisions of the Uniform Conditional Sales Law. In *Ferrante,* plaintiff filed a financing statement with the Secretary of State, pursuant to *N. J. S.* 12A:9–401 *et seq.*

Plaintiff's lien, at the time of this transaction, by virtue of a conditional sale properly recorded under the pre-Code law, was superior to a garage keeper's lien, a statutory one, but inferior to an artisan's lien, a common-law one. Similarly, in *Ferrante,* plaintiff's lien, by virtue of a perfected security interest under the Code, is superior to a garage keeper's lien, a statutory lien, but inferior to an artisan's lien, a common-law one.

Thus, the adoption of the Code has no effect on this litigation, and the reasoning of *Ferrante* applies equally to this case.

For the reasons stated in *Ferrante,* the decision in the Appellate Division is reversed.

*For reversal* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN — 7.

*For affirmance* — None.