In re BILL RIDGWAY, INC., Bill Ridgway Housing Corp. and WGR Associates, Debtors.

WGR ASSOCIATES, Plaintiff,

v.

HERITAGE BANK, N. A. and Atco Auto Body, Defendants.

Bankruptcy Nos. 79–03134 to 79–03136. Adversary No. 80–0046.

United States Bankruptcy Court, D. New Jersey.

May 29, 1980.

Lacktman, Natal & Kasen by David A. Kasen, Haddonfield, N. J., for debtor, plaintiff.

Farr, Reifsteck & Wolf by David R. Lyons, Haddon Heights, N. J., for Heritage Bank, defendant.

Maressa, Birsner & Patterson by John W. Hargrave, Berlin, N. J., for Atco Auto Body, defendant.

## OPINION

WILLIAM LIPKIN, Bankruptcy Judge.

The Debtor herein, WGR Associates, filed a Petition on December 18, 1979 as a Debtor under the provisions of Chapter 11 of the Bankruptcy Reform Act and is acting as a Debtor in Possession.

The Debtor, at that time, was the owner of a 1977 Dodge Aspen automobile and has sought leave to sell the vehicle free and clear of all liens and encumbrances.

The complaint filed by WGR seeking leave to sell the vehicle alleged it was subject to a financing lien thereon to the Heritage Bank, (Heritage), and it was further alleged that the defendant, Atco Auto Body (Atco), had possession of the vehicle and may also have a lien for body work done by it upon the vehicle.

The matter came on for hearing and it was established that Heritage did have a perfected lien under the laws of New Jersey in the sum of $1,601.34. It was so recognized by the Debtor and Atco.[1] The price offered for the vehicle was $2,700.00.

1. Even if Atco had a lien against the vehicle under the provisions of New Jersey Statute

2A:44–21 dealing with liens to Garage Keepers and Automobile Repairmen, which will be sep-

It was further established that Atco had obtained possession of the vehicle in October, 1979 from WGR and had performed work on it at the request of WGR and asserted a lien thereon in the sum of $1,100.00. In addition it sought to be paid the sum of $5.00 a day for storage of the vehicle.

The Debtor has asserted a defense to the claim of Atco, disputing its validity upon the ground that 2A:44-20 et seq., is unconstitutional because the law upon which Atco asserts a lien fails to abide by the requirement of due process in effecting payment.

The parties agreed to the sale and payment of the debt due Heritage from the proceeds. The balance of the sale price, $1,098.66, was deposited in an escrow account pending the rendition of an opinion by this court as to the validity of Atco's claim. Since the amount claimed by Atco for repairs to the vehicle exceeded the sum remaining from the sale it was not actually necessary to decide a daily rate allowable to Atco for storage, but I did indicate that $5.00 a day for storage was exorbitant to store a car at a repair shop and considered $2.00 a day as a liberal allowance.

The defendant Atco claims the fund remaining from the sale should be paid to it under the provisions of New Jersey Statute 2A:44-21, sequi, entitled Garage Keepers and Automobile Repairmen. The Statute reads:

A garage keeper who shall store, maintain, keep or repair a motor vehicle or furnish gasoline, accessories or other supplies therefor, at the request or with the consent of the owner or his representative, shall have a lien upon the motor vehicle or any part thereof for the sum due for such storing, maintaining, keeping or repairing of such motor vehicle or for furnishing gasoline, accessories or

other supplies therefor, and may, without process of law, detain the same at any time it is lawfully in his possession until the sum is paid.

The lien shall not be superior to, nor affect a lien, title or interest of a person held by virtue of a prior conditional sale or a prior chattel mortgage properly recorded or a prior security interest perfected in accordance with chapter 9 of Title 12A of the New Jersey Statutes. As amended L.1961, c. 121, p. 724, § 4.

In addition to permitting detention of the chattel, "without process of law", as set forth in 2A:44-21, the garage keeper may under 2A:44-22 seize, "without force and in a peaceable manner", the vehicle should the vehicle be removed voluntarily or otherwise from his possession. The Act further shifts the burden on the owner if possession is sought by tendering the amount demanded by the garage keeper or repairman into a court, 2A:44-23. It also permits the garage keeper to sell the vehicle after thirty (30) days from the date of the retention at public auction if the owner has not taken proceedings for repossession. 2A:44-29.

■ The facts in this case fall within the controlling ambit of *Whitmore v. N. J. Div. of Motor Vehicles*, 137 N.J.Super. 492, 349 A.2d 560 (Ch.Div.1975), wherein the State Court has held that the N.J. Lien Act, N.J. S.A. 2A:44-20, et seq., 23 to 27, 29 to 32, is unconstitutional under the Fourteenth Amendment of the United States Constitution. It was therein stated by Judge Furman that the remedy now sought by Atco to impress a lien on the vehicle *is not under common law principles*, but rather by force of a state statute, though it may be considered to be an extension of a common law artisan or farrier's lien to the extent of the enhancement of value as a result of such work and material.[2] However, due process

---

arately treated with herein, the lien of Heritage is superior because of the second paragraph of that section, which reads:

"The lien shall not be superior to, nor affect a lien, title or interest of a person held by virtue of a prior conditional sale or a prior chattel mortgage properly recorded or a prior security

interest perfected in accordance with chapter 9 of Title 12A of the New Jersey Statutes."

**2.** Cf. *B. C. S. Corp. v. Frick*, 18 A.2d 560, 19 N.J.Misc. 129 (Clifton District Court 1941) citing *Crucible Steel Co. v. Polack Tyre and Rubber Co.*, 92 N.J.L. 221, 227, 104 A. 324, 326 (1918), wherein Justice Kalisch speaking for

is not granted in the Statute to automobile owners because it fails to afford them the opportunity to be heard judicially prior to divestment of title. *Whitmore*, page 500, 349 A.2d 560. The failure in the statute to provide for seizures of property or possessory interests on notice and opportunity to be heard in a judicial proceeding invalidates the statute, *Whitmore*, page 497, 349 A.2d 560, citing *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1975); *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); *Van Ness Industries v. Claremont Painting*, 129 N.J.Super. 507, 324 A.2d 102 (Ch.Div.1974); cf. *Mitchell v. W. T. Grant Co.*, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974).

Judge Furman in the *Whitmore* decision, 137 N.J.Super. page 498, 349 A.2d 560, does refer to other cases relied upon by the plaintiff and, more specifically, *Lee v. Cooper*, an unreported opinion by Judge Barlow for the United States District Court for the District of New Jersey.[3] Judge Furman stated as to that case,

> *Lee v. Cooper*, supra specifically adjudicated the unconstitutionality of N.J.S.A. 2A:44–20 et seq., both as to its possessory lien and public sale provisions. This court is not compelled to adhere to that decision, even on a federal constitutional issue. *Whitmore*, page 498, 349 A.2d page 563.

■ Without considering the legal efficacy of the last sentence of the quote, this Bankruptcy Court is a Federal Court in the same district as that in which Judge Barlow presided, and under the doctrine of stare decisis will follow the decision of the federal judge. Judge Barlow, relying upon *Fuentes v. Shevin*, held:

> . . . that the New Jersey Garage Keepers and Automobile Repairmen Act,

N.J.S.A. 2A:44–20, et seq., deprives the plaintiff of the use of her property without due process of law in violation of the Fourteenth Amendment to the Federal Constitution.

The plaintiff therein was deprived,

> . . . of the use of her property without prior notice and without even a prima facie hearing on the merits of the defendant's claim. *Lee v. Cooper*, supra, page 8.

Thus in accordance with such decision this court does declare the asserted lien of Atco invalid.

Finally, of interest is the case of *Hernandez v. European Auto Collision, Inc.*, 487 F.2d 378 (2 Cir. 1973) cited in both *Whitmore* and *Lee v. Cooper*, which reversed the dismissal of the complaint and remanded the case to the District Court with directions to try the case on its merits. This case involved an attack on the statute in New York which grants a lien to bailees of motor vehicles, a law similar to the Garage Keepers and Automobile Repairmen Lien Law of New Jersey. Therein the court stated that:

> . . . upon a full finding of the facts, . . . , it may appear that the garage company and the plaintiff were in dispute as to the former's charges for storage and repair, that in this posture, without taking the initiative to afford plaintiff opportunity for judicial ascertainment of the asserted debt, the garage defendant authorized the auctioneer, pursuant to New York Lien Law § 204, to sell plaintiff's car, that the auctioneer sold the car, and that the auctioneer then turned over to the garage company the whole proceeds in partial satisfaction of the amount the garage company had claimed was owing to it for storage and repair

the then Supreme Court of New Jersey, known as Court of Errors and Appeals, with reference to the Garage Keepers' Lien Act, said:

"It extends this right of lien to other conditions in business life than those that existed in common law. Thus, for example, it gives the garage keeper a lien for the storing and maintaining of motor vehicles, a present popular means of conveyance unknown to the common

law, and which has in a great measure supplanted the horse and wagon and revolutionized the mode of transportation; it gives a right of lien for furnishing gasoline, accessories or other supplies for motor vehicles, <u>for which no right of lien could have properly existed at common law</u>." (Underlining added).

3. *Lee v. Cooper*, Civil Action No. 74–104, March 21, 1974.

charges. If those should be the facts found, then we would conclude that plaintiff has, under the doctrines enunciated in *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), *Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971), and *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), a tenable contention that Section 204 of the New York Lien Law as applied here was repugnant to the due process clause of the Fourteenth Amendment and that he is entitled to a declaratory judgment and perhaps to compensatory and possibly punitive damages. We have not overlooked what was said below about the state procedures, such as replevin, which were open to plaintiff to have forestalled the sale. But we are persuaded that, even if those remedies would have been effective, they do not validate Section 204 of the New York Lien Law so as to give defendants the right to sell plaintiff's property without either judicial ascertainment of the amount owed by plaintiff to the garage company or plaintiff's admission or contractual stipulation as to the amount due. *Hernandez*, at 382, 383. This decision is in accord with Judge Barlow's decision in *Lee v. Cooper*, supra.

For the foregoing findings of fact and conclusions of law I find that Atco has no lien upon the proceeds of sale of the vehicle and its claim will be allowed as an unsecured claim, which shall include the sum due for repairs and storage at the rate of $2.00 a day from the date when the repairs were completed.