In re RUDY'S INC (formerly known as Robert J. Blume, Inc.), a Michigan corporation, d/b/a Bullmarket and Welcomer Inn, Debtor.

Alexander G. ANDREWS, Esq. Trustee, Rudy's Inc., Plaintiff,

v.

CITY OF ROCHESTER, et al., Defendants.

Bankruptcy No. 81–03477.
Adv. No. 81–1083.

United States Bankruptcy Court, E. D. Michigan, S. D.

Sept. 30, 1981.

David K. Foust, Asst. Atty. Gen. for State of Mich., Detroit, Mich., for State of Mich.

Stanley Bernstein, Detroit, Mich., for Bank of the Commonwealth.

## MEMORANDUM OPINION AND ORDER

HARVEY D. WALKER, Bankruptcy Judge.

In this adversary proceeding the Court is asked to decide whether or not a creditor can obtain a valid security interest in a debtor's liquor license and inventory of alcoholic liquor.

On October 10, 1978, the Bank of the Commonwealth took a security interest in a liquor license and liquor inventory held by the Debtor, Rudy's Incorporated. The Bank perfected its security interest in the collateral and any proceeds derived from the collateral by filing a financing statement on March 29, 1979.

The State of Michigan now claims a tax priority lien under 11 U.S.C. § 507(a). The State contends that Rule 19, promulgated by the Michigan Liquor Control Commission, prohibits a lender from obtaining a valid security interest in a liquor license or alcoholic liquor. Rule 19 recites, in pertinent part:

"(a) security agreement between a buyer and a seller of a licensed retail business, or between a debtor and a secured party, shall not include the license or alcoholic liquor."

In short the State takes the position that Rule 19 negates the validity of the Bank's lien on the liquor license and the liquor inventory.

First, the Court notes that the parties do not contest whether a security interest can be obtained in accordance with the Uniform Commercial Code in a liquor license or li-

quor inventory absent state regulations precluding such an arrangement.

The Bank's arguments in defending the validity of its lien fails to confront, however, the effect of Rule 19. The Bank relies most strongly on *Matto's Inc. v. Olde Colonie Place,* 9 B.R. 89, 7 BCD 351 (Bkrtcy. ED Mich.1981) which extended a lien in a liquor license pursuant to a security agreement. The *Matto's* court, however, never discussed the impact of Rule 19 on the lien's validity. The impact of Rule 19 is the heart of this case. *Matto's* failure to raise this issue prevents that case from controlling the decision in the case at bar. Furthermore, other cases, cited by the Bank, in which a security interest in a liquor license was adjudged valid similarly do not aid the Bank's position. Neither *Paramount Finance Co. v. United States,* 379 F.2d 543 (6th Cir. 1967), nor *In Re Coed Shop,* 435 F.Supp. 472 (ND Fla.1977), both cited by the Bank, involve a security interest over a liquor license where a state regulation forbids such action. Neither Ohio (*Paramount Finance*) nor Florida (*Coed Shop*) had promulgated a regulation comparable to Michigan's Rule 19. The Bank also offers *Bogus v. American National Bank,* 401 F.2d 458 (10th Cir. 1968) to support the validity of its lien on the liquor license.

However, a close reading of *Bogus* discloses support for the State's position in the case at bar. The *Bogus* court decided that a lender could enforce a security interest in a liquor license even though the relevant Wyoming statute also provided "no license shall be transferred or sold . . . nor shall it be subject to attachment, garnishment or execution." The court's ruling indicated that the Wyoming statute did not specifically prohibit security interests in a liquor license. The court then narrowly read the statute outlawing attachment, garnishment or execution on a liquor license; the failure of the Wyoming statute to specify security interests in its prohibition clearly formulated the basis for the *Bogus* decision. And yet even without the specific statutory regulation, the court conceded some merit to the trustee's (here the State's) position invalidating the lien on the liquor license. 401 F.2d at 460.

When *Bogus'* rationale is applied to the case at bar, the State's position is greatly enhanced. Rule 19 specifically and unequivocally bars security interests in liquor licenses. The *Bogus* court clearly rested its decision on the fact that no expressed prohibition was contained in the Wyoming statute. 401 F.2d at 460. The fact that Michigan has promulgated Rule 19, with its specific terms precluding liens on liquor licenses, would certainly have dictated a different result in *Bogus* and likewise dictates a different result here.

Furthermore, the *Bogus* court faced a situation in which the Wyoming statute had been enacted prior to the effective date of adopting the Uniform Commercial Code. The court construed the UCC's influence on the law regulating liens on liquor licenses by asserting that the latter statute (UCC) should be interpreted in light of the former statute (liquor control statute). Thus, the Court ruled that the UCC significantly broadened previously existing law and permitted liquor licenses to be denominated "property" within the meaning of the UCC and, thus, subject to security interests. 401 F.2d at 460–461.

In the case at bar, the UCC was not adopted subsequent to Rule 19. Conversely, Rule 19 succeeded Michigan's adoption of the UCC. Therefore, Rule 19, the latter statute, should be construed in light of the UCC, the former statute. The promulgation of Rule 19 after the effective date of the UCC clearly evidences that Rule 19 was intended to exempt liquor licenses from validly being subject to a UCC security interest. The analysis undertaken by the *Bogus* court clearly supports this Court's holding that Rule 19 obfuscates a lender's security interest in a liquor license.

The Bank has countered the State's Rule 19 shield by merely arguing that Rule 19 is premised on the notion that a liquor license is not a debtor's property but rather is a privilege. Michigan cases, however, have since regarded a liquor license as property for due process purposes. *Bundo v. Walled*

*Lake,* 395 Mich. 679, 238 N.W.2d 154 (1976); *Bisco's Inc. v. Liquor Control Commission,* 395 Mich. 706, 238 N.W.2d 166 (1976). The Bank, though, does not relate Rule 19 to the property/privilege distinction. The Bank merely states without elaboration that Rule 19 was borne of the outmoded concept of privilege. The Bank does not offer any supportive analysis for this proposition. Without such foundational support the Bank's argument lacks merit.

Finally, the Bank has not objected to Rule 19 from an administrative viewpoint. The Bank has not raised any question concerning the powers of the Liquor Control Commission to promulgate Rule 19. Clearly the Michigan Liquor Control Act empowers the LCC to promulgate administrative rules like Rule 19. Whether or not Rule 19 was properly enacted by the LCC and within the LCC's delegated powers have not been submitted for this Court.

Therefore, the Court holds that a security interest in a debtor's liquor license or liquor inventory or the proceeds derived from such collateral is not valid under Rule 19.

Accordingly, the Court does hereby ORDER that the Trustee turn over the sum of $9,100.00 plus the accrued interest thereon, to the State of Michigan.

IT IS SO ORDERED.