FIRST FISCAL FUND CORP., Plaintiff,

v.

FISHERS BIG WHEEL, INC., Defendant and Third Party Plaintiff,

v.

GAMBLE–SKOGMO, INC., Debtor-in-Possession, Third Party Defendant.

Adv. No. 183–0380.

United States Bankruptcy Court, E.D. New York.

Jan. 6, 1984.

Strook & Stroock & Lavan, for debtor-in-possession/third party defendant; New York City, Lawrence M. Handelsman, Faith S. Katkin, New York City, of counsel.

Robert P. Herzog, New York City, for plaintiff.

Hahn & Hessen, New York City, for defendant and third party plaintiff; Gabriel Schwartz, New York City, of counsel.

## DECISION AND ORDER

CONRAD B. DUBERSTEIN, Bankruptcy Judge.

The issue before the court arises out of cross-motions, one of which seeks a change of venue from this court to the bankruptcy court of the Central District of California. The other motion seeks a remand of the within proceeding from this court to the District Court of the Eastern District of New York where the action was originally commenced.

## I

## FACTS

On April 24, 1983 Gamble-Skogmo, Inc. ("Gamble") filed a Chapter 11 petition in bankruptcy in the Central District of California. As part of its assets Gamble listed various commercial leases, one of which was for real property located in Piqua, Ohio. The property was originally leased by Gamble from First Fiscal Fund Corp. ("First Fiscal"), in 1965 and was later validly sublet by Gamble to Fishers Big Wheel, Inc. ("Fishers").

On May 15, 1983, following a hearing on a motion by Gamble an order was entered by Honorable William J. Lasarow, the Bankruptcy Judge before whom Gamble's bankruptcy proceeding is pending, authorizing Gamble to reject its executory lease with First Fiscal, pursuant to 11 U.S.C. Section 365. On June 8, 1983 First Fiscal instituted the instant action against Fishers in the District Court for the Eastern District of New York alleging that Fishers engaged in tortious conduct with Gamble by influencing Gamble to reject its lease with First Fiscal thereby interfering with First Fiscal's business interests and consequently causing it to suffer harm and damages. First Fiscal's sole source of evidence in support of this allegation is an agreement entered into between Gamble and Fishers on May 11, 1983 to purchase and sell certain leasehold interests and terminate other subleases, one of which covers the property in Piqua, Ohio and which is the subject of this action.

On July 18, 1983 the defendant, Fishers, served Gamble with a third party summons and complaint in which it alleges that the agreement of May 11, 1983 not only provided that Fisher vacate the subject premises, thus leaving Gamble free to reject the aforementioned lease, but that it also contained a clause that required Gamble to indemnify it for any damages that Fisher might be liable for as a result of the breach that ensued from the rejection.

As third party defendant in the Eastern District of New York Gamble shortly there-

after had this matter removed from the District Court to this Bankruptcy Court under the authority of 28 U.S.C. Section 1478 which states that:

(a) A party may remove *any claim* or cause of action, other than a proceeding before the United States Tax Court or a civil action by a Government unit to enforce such governmental unit's police or regulatory power, to the bankruptcy court for the district where such civil action is pending, *if the bankruptcy courts have jurisdiction over such claim or cause of action.* (emphasis added).

Following removal of the proceeding to this Court Gamble now moves pursuant to 28 U.S.C. Section 1475 for a change of venue to the Bankruptcy Court for the Central District of California where the debtor/third party's bankruptcy petition was filed and is currently pending. The plaintiff, First Fiscal, has cross-moved to have the matter remanded to the United States District Court for the Eastern District of New York where it was originally commenced, and opposes the application for a change of venue. The defendant, Fishers, has not taken any position with respect to any of the motions.

## II

### ISSUES

This case confronts the court with two basic questions. The threshold question is whether this matter should be remanded, that is, returned to the district court. The second question, assuming only for the sake of argument the matter is not remanded, is whether venue should be transferred to the Bankruptcy Court for the Central District of California.

## III

### DISCUSSION AND CONCLUSIONS

The plaintiff takes the position that its main action against the defendant does not involve a bankruptcy question and that the third party complaint against the debtor-in-

possession may be prosecuted without the permission of the court under the authority of 28 U.S.C. Section 959 since it involves an act or transaction in connection with the carrying on of the business of the debtor-in-possession. It further argues that this is a related proceeding under the Emergency Rules of Bankruptcy[1] and therefore the bankruptcy court lacks the jurisdiction to hear it. Also, it avers that under the provisions of 28 U.S.C. Section 1441(c) this matter may not be removed from the District Court to the Bankruptcy Court by a third party defendant. Finally, it states that 28 U.S.C. Section 1478(b) gives the bankruptcy court the power to remand a claim or cause of action on any equitable ground. In essence, the plaintiff believes that this case must be remanded to the district court where it was commenced because the bankruptcy court lacks proper subject matter jurisdiction and because the matter was improperly removed to this court in the first place.

The court disagrees with the plaintiff on all counts except that it chooses to remand this case to the District Court for the Eastern District of New York based on equitable considerations. Since the case will be remanded to the district court it is unnecessary to address the question of a venue change.

*Removal*

■ A debtor, whether named as a third party defendant or not, possesses the right to remove a case to the bankruptcy court when the outcome of the main action might possibly affect its estate. *In re Greenman Motors, Inc.,* 23 B.R. 1 (Bkrtcy.D.N.M.1982). The fact that the main action is not itself a claim against the debtor's estate is not necessarily determinative. *Id.*

Nevertheless, the plaintiff believes that this matter has been improperly removed to this court. It cites as authority for its position 28 U.S.C. Section 1441(c) which states that a third party complaint does not form the basis for removal of an action from a state court to a district court. That

---

**1.** See comment under "Emergency Rule" heading later in this opinion.

is incorrect. Removal to a bankruptcy court is not governed by that statute. As indicated earlier it is governed by 28 U.S.C. Section 1478 which does not pose such a restriction. The only requirement is that the bankruptcy court have proper subject matter jurisdiction over such claim or cause of action, which as will shortly be demonstrated, this court has.

### 28 U.S.C. 959

■ Any reliance by the plaintiff on 28 U.S.C. 959 as a basis for its right to prosecute this action without leave of the bankruptcy court is incorrect. That statute provides creditors with the automatic authority to commence an action against a debtor-in-possession for post-petition acts related to the carrying on of the business of the debtor-in-possession. An action on a claim arising out of the rejection of an executory contract, however, is not included in this category since any damages flowing from such a rejection are deemed to have occurred immediately prior to the filing of the debtor's petition in bankruptcy, 11 U.S.C. Section 365(g)(1), and thus must be regarded as a pre-petition bankruptcy claim against property of the debtor's estate.

### Emergency Rule

■ The Emergency Rule was adopted in this and other districts to correct the jurisdictional dilemma resulting from Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 1982, 73 L.Ed.2d 598. *In re Q1 Corporation*, 28 B.R. 647 (D.C.E.D. N.Y.1983). Among other things, the Rule states that a bankruptcy judge has the power to enter a judgment or dispositive order in any matter concerning the allowance of claims against the estate of the debtor. Emergency Rule 3(d)(1)-(3). Since the defendant's third party complaint against the debtor constitutes a contingent claim against the debtor's estate this court possesses the requisite jurisdiction necessary to hear this matter. *See, In re Lucasa*, 6 B.R. 717 (Bkrtcy.E.D.N.Y.1980).

### Remand

Despite the fact that this court possesses the jurisdiction to hear this matter it may nevertheless be remanded to the district court pursuant to 28 U.S.C. Section 1478(b) "on any equitable ground." There is no appeal from such a remand. *Id.*

■ This court holds that judicial economy dictates that this matter be remanded to the district court. The main action between the plaintiff and the defendant is one that sounds in tort. Before the issue of the debtor's liability can be established it must first be determined whether the defendant is liable to the plaintiff. If the defendant is found not to be liable it is unnecessary to proceed further. Having this matter removed to the bankruptcy court seems to serve no logical purpose except as an intermediate stage in an attempt to have venue changed from New York to California where the debtor feels it can best defend itself. This is not necessarily a trivial matter, but the need for Gamble to offer a defense is at this time only contingent since, as has been pointed out above, the liability of the defendant to the plaintiff must first be established. If the matter is tried in this court or a California bankruptcy court and the defendant is found not liable, the bankruptcy court will have utilized its resources in trying a matter that is between two parties whose claims had been properly brought in another forum, and which is not properly before any bankruptcy court. The removal by the debtor to this court is a classic case of permitting the "tail to wag the dog." There is no significant reason why this matter cannot and should not be tried in the district court where it was originally commenced.

### Violation of the Automatic Stay

■ In remanding this matter to the district court for trial this court cannot ignore the issue of the defendant's violation of the automatic stay provision of 11 U.S.C. Section 362 when it served the third party complaint on Gamble without having the stay lifted as required. Although Gamble mentions this point in its memorandum of

law to the court it has elected not to object to it at this time. The lifting of a stay is not, however, an act that can be accomplished solely on consent; it must be accomplished through an affirmative act by the court, although such an act may be retroactive. *In re Mellor,* 31 B.R. 151 (Bkrtcy.App. 1983). It is typical in contingent claim situations for a bankruptcy court to consent to a lifting of the automatic stay for the purpose of establishing the precise amount of a debtor's liability but to prohibit the execution of a judgment. In the opinion of this court it would serve the interests of the bankruptcy proceeding if the stay were lifted so that any liability of Gamble to the defendant can be firmly established.

In light of all of the foregoing and in the interest of judicial economy this court remands this matter to the District Court for the Eastern District of New York and sanctions the prosecution of the third party complaint against the debtor up to but not including the execution of any judgment against it.

IT IS SO ORDERED.