**In re Phillip MOISSON and Gerry Moisson, d/b/a Shark Skin Phil's, Debtor.**

**No. 84–03885–R.**

United States Bankruptcy Court,
E.D. Michigan.

July 31, 1985.

Kenneth Schneider, Detroit, Mich., for debtors.

Robert A. Peurach, Detroit, Mich., for creditor Robert E. Winn.

## ORDER GRANTING THE PLAINTIFF'S MOTION TO LIFT THE AUTOMATIC STAY

STEVEN W. RHODES, Bankruptcy Judge.

Robert E. Winn, a creditor, has filed a motion to enforce an agreement to reassign

a liquor license. Because the issues raised by this motion have already been decided in the creditor's favor in a recent decision of a district judge in this district, the motion must be granted.

## I.

On October 8, 1982, Winn, as seller, and Phillip Moisson, as buyer, entered into a Purchase Agreement for the sale of Wendy's Lounge, a bar in Wyandotte, Michigan. The sale included all furniture, fixtures, equipment, stock in trade, the assumed name, and a covenant not to compete. The sale price was $85,000, of which $29,000 was paid in cash and $56,000 was paid in the form of a promissory note providing for monthly payments. At the closing on the purchase on January 11, 1983, Moisson executed a security agreement granting Winn a security interest in the fixtures, which the parties have agreed was subsequently perfected by the filing of a financing statement with the Wayne County Register of Deeds.

At the closing, the parties also executed the agreement to reassign the liquor license which is the subject of the present motion. This agreement provided that in the event of a default in the monthly payment continuing for three consecutive months, Moisson would reassign the license to Winn, subject to the consent and approval of the Michigan Liquor Control Commission. The parties agree that there has been such a default, and further agree that no financing statement was filed as to Winn's interest in the liquor license.

The debtor opposes the motion to enforce the agreement to reassign, contending that the agreement is unenforceable in bankruptcy. The logic of the debtor's position is as follows:

(1) Winn's interest in the liquor license can only be characterized as a security interest as to which Article 9 of the Uniform Commercial Code, M.C.L.A. § 440.-9101, *et seq.*, applies.

(2) In order to perfect this security interest, Winn was required to file a financing statement with the Michigan Secretary of State. M.C.L.A. § 440.9401(1)(d).

(3) Winn did not file a financing statement and therefore does not have a perfected security interest in the liquor license.

(4) Under 11 U.S.C. § 544, the security interest is voidable and the agreement to reassign is unenforceable.

The logic in support of Winn's position is as follows:

(1) Rule 19 of the Michigan Liquor Control Commission prohibited him from taking a security interest in a liquor license.

(2) Therefore, Article 9 of the Uniform Commercial Code does not apply and the filing of a financing statement was not required.

(3) The agreement to reassign is therefore enforceable despite the failure to file a financing statement.

## II.

Since 1981 there have been eight published decisions by bankruptcy judges in Michigan on similar facts. *Matter of Matto's, Inc.*, 9 B.R. 89 (Bkrptcy.E.D.Mich.1981); *In re Rudy's Inc.*, 23 B.R. 1 (Bkrptcy.E.D. Mich.1981); *Matter of McCormick*, 26 B.R. 869 (Bkrptcy.E.D.Mich.1983); *Matter of Beefeaters, Inc.*, 27 B.R. 848 (Bkrptcy.W.D. Mich.1983); *In re Bernie's, Inc.*, 44 B.R. 296 (Bkrptcy.E.D.Mich.1983); *In re Boufsko, Inc.*, 44 B.R. 98 (Bkrptcy.E.D.Mich. 1984); *Matter of Ratcliff Enterprises, Inc.*, 44 B.R. 778 (Bkrptcy.E.D.Mich.1984); *In re American Way Food Service Corp.*, 48 B.R. 79 (Bkrptcy.W.D.Mich.1985).

The most recent case presenting these issues is *Matter of Gullifor*, 47 B.R. 450 (D.C.E.D.Mich.1985) (per District Judge James Harvey). On appeal from a decision in favor of the debtor, Judge Harvey reversed, holding that as a result of the reassignment agreement, the Court would impose an "equitable lien" on the liquor license in favor of the creditor, even though no financing statement had been filed. In the decision, Judge Harvey reviewed many of the earlier cases on point,

and rejected the view that Article 9 of the Uniform Commercial Code applies.

### III.

■ Clearly, bankruptcy judges are bound by the decisions of the district judges sitting in their district. *In re V–M Corp.*, 23 B.R. 952, 955 (Bkrptcy.W.D.Mich. 1982); *In re Bill Ridgway, Inc.*, 4 B.R. 351 (Bkrptcy.N.J.1980); *In re Welch*, 8 F.Supp. 838 (D.N.D.1934).

■ Therefore, regardless of this Court's judgment as to the merits of the opposing arguments, as to which the earlier bankruptcy court decisions provided roughly equal support, this Court is bound by the holding of *Gullifor*.[1]

Accordingly, Winn's motion for the enforcement of the reassignment agreement is granted. An appropriate order may be submitted.

1. It is hoped that this analysis will resolve the confusion on these issues previously noted by Judge Spector:

At least six opinions from bankruptcy courts or federal district courts in Michigan have been issued since 1981 on the question of whether a party may obtain a security interest in a liquor license granted by the Michigan Liquor Control Commission. Each judge who considered it came to a somewhat different conclusion. Consequently, legal practioners in the State of Michigan are without guidance on how to protect their clients in the sale of their restaurants or bars when a liquor license is part of the transaction. *In re Boufsko, Inc., supra,* 44 B.R. at 100.